**FILED & ENTERED**

MAR 04 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>                                Debtor. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>Adv. No. 2:20-ap-01647-RK<br><br>**MEMORANDUM DECISION ON MOTION BY CHAPTER 7 TRUSTEE, WESLEY H. AVERY, JOINED BY DEFENDANT ANERIO ALTMAN, FOR ORDER DISMISSING COMPLAINT PURSUANT TO FRCP 12(b)(6) WITHOUT LEAVE TO AMEND DUE TO ISSUE PRECLUSION, CLAIM PRECLUSION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |
| ARTURO GONZALEZ,<br><br>                                Plaintiff,<br><br>    v.<br><br>WESLEY H. AVERY, as Chapter 7 Trustee for the Bankruptcy Estate of Arturo Gonzalez; ANERIO ALTMAN, DOES 1-20,<br><br>                              Defendants. | <u>Telephonic Hearing</u><br>Date:      December 15, 2020<br>Time:      2:30 p.m.<br>Courtroom:  1675<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, California  90012<br><br>HEARING CONDUCTED TELEPHONICALLY |

This adversary proceeding came on for hearing on December 15, 2020 before the undersigned United States Bankruptcy Judge on the Motion of Defendant Wesley H. Avery ("Defendant Avery"), Chapter 7 Trustee, for Order Dismissing Complaint Pursuant to FRCP 12(b)(6) without Leave to Amend Due to Issue Preclusion, Claim Preclusion and Failure to State a Claim Upon Which Relief can be Granted ("motion"), Docket No. 6, filed on November 12, 2020, and the Joinder in Trustee's Motion to Dismiss without Leave to Amend ("joinder") by Defendant Anerio Altman ("Defendant Altman").  Docket No. 10, filed on November 16, 2020.  Brett Curlee, of the Law Offices of Brett Curlee, appeared on behalf of Defendant Avery.  William J. Wall, of the Wall Law Office, a Professional Corporation, appeared on behalf of Defendant Altman.  Plaintiff Arturo Gonzalez appeared and represented himself.

The court notes that Defendant Avery also filed a request for judicial notice in support of the Motion.  Docket No. 7.  The court further notes that the case docket reflects that no party filed a written opposition to the Motion.   Having considered the motion, request for judicial notice, joinder and the arguments made at the December 15, 2020 hearing, the court rules as follows.

On October 14, 2020, Plaintiff commenced this adversary proceeding by filing his complaint entitled "Complaint for: 1.  Damages to Plaintiff, Home Been Unnecessarily Sold, 2.  Fraud upon the Court, 3.  Bankruptcy Proceeding be Vacated Due to a Fraud upon the Court."  Complaint, Adv. No. 2:20-ap-01647-RK ("the pending adversary proceeding"), Docket No. 1.  Plaintiff alleges five claims for relief in this complaint: (1) the first claim for relief is for declaratory relief that the actions of Defendant Avery, the Chapter 7 Trustee, and Defendant Altman, Plaintiff's former attorney, were a "Fraud upon the Court"; (2) the second claim for relief is for declaratory relief that this Chapter 7 bankruptcy case be vacated as a "Fraud Upon the Court," and vacating the court's prior turnover judgment; (3) the third claim for relief is for monetary damages against Defendant Avery on grounds that "he committed a 'Fraud Upon the Court' and he never represented actual facts he presented in the motion to convert [the case] in the

1  complaint for turnover and it caused damages to Plaintiff namely sold Plaintiff's home

2  unnecessarily"; (4) the fourth claim for relief is for monetary damages against Defendant

3  Altman on grounds that "he committed a 'Fraud Upon the Court' and he never

4  represented actual facts he presented in the motion to convert [the case] in the

5  complaint for turnover and it caused damages to Plaintiff namely sold Plaintiff's home

6  unnecessarily"; and (5) the fifth claim for relief is for declaratory relief that this Chapter 7

7  bankruptcy case be vacated as a "Fraud Upon the Court," and vacating the court's prior

8  turnover judgment.  *Id.*

9      In the Motion filed by Defendant Avery, which is joined by Defendant Altman,

10  Defendants seek to dismiss this adversary proceeding for failure to state a claim upon

11  which relief can granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See also,*

12  Federal Rule of Bankruptcy Procedure 7012, which makes Federal Rule of Civil

13  Procedure 12(b)(6) applicable to this adversary proceeding.  Specifically, Defendants

14  contend that Plaintiff has failed to state a claim upon which relief can be granted based

15  on his allegations that Defendants perpetrated "fraud upon the court."

16      In pleading a claim for relief, Plaintiff must comply with Federal Rule of Civil

17  Procedure Rule 8(a)(2), which provides that a claim for relief must contain a short and

18  plain statement of the claim showing that the plaintiff is entitled to relief.  *See also,*

19  Federal Rule of Bankruptcy Procedure 7008, which makes Federal Rule of Civil

20  Procedure 8(a)(2) applicable to this adversary proceeding.  In order to survive a motion

21  to dismiss failure to state a claim upon which relief can be granted pursuant to Federal

22  Rule of Civil Procedure12(b)(6), the "complaint must contain sufficient factual matter,

23  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

24  *Iqbal*, 556 U.S. 662, 678 (2009); quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

25  570 (2007).  Facial plausibility exists when the plaintiff pleads facts that allow the court

26  to draw a reasonable inference the defendant is liable for the misconduct alleged.  *Id*.

27  The plausibility standard asks for more than a sheer possibility that a defendant acted

28  unlawfully.  *Id*.  "Where a complaint pleads facts that are 'merely consistent with' a

1  defendant's liability, it 'stops short of the line between possibility and plausibility of

2  entitlement to relief.'"  *Id*.  The principle that the court must accept as true all allegations

3  contained in a complaint is inapplicable to legal conclusions.  *Id*.  "Threadbare recitals of

4  the elements of a cause of action, supported by mere conclusory statements, do not

5  suffice."  *Id*.  Only a complaint that states a possible claim for relief can survive a motion

6  to dismiss.  *Id*. at 679.

7        Plaintiff's claims in the complaint are predicated upon his allegations that

8  Defendants engaged in "fraud upon the court."  As the United States Court of Appeals

9  for the Ninth Circuit has stated, "Fraud upon the court includes both attempts to subvert

10  the integrity of the court and fraud by an officer of the court.  Furthermore, it 'must

11  involve an unconscionable plan or scheme which is designed to improperly influence

12  the court in its decision.'"  *Pumphrey v. K.W. Thompson Tool Co*., 62 F.3d 1128, 1131

13  (9th Cir. 1995) (internal citations omitted).   As this court by Judge Robles has stated,

14  the focus is whether the alleged fraud harms the integrity of the judicial process.

15  *Ehrenberg v. Roussos* (*In re Roussos*), 541 B.R. 721, 729 (Bankr. C.D.Cal. 2015), citing

16  *Anand v. CITIC Corp*. (*In re Intermagnetics Am., Inc.*), 926 F.2d 912, 916–917 (9th Cir.

17  1991).

18        Plaintiff alleges in the complaint as follows:

19  The officers of the Court defrauded the Court.  The Officer's also defrauded
20  Plaintiff by collaborating in not presenting facts in the case and benefitting the
   Trustee to generate fees with no benefit to any unsecured creditor as the
21  evidence stands.  The evidence will clearly show that the Fraud was committed
   by Officer's of the Court.  The officer's also filed False Declarations in this case.
22  Plaintiff's Attorney clearly expressed certain information through emails that now
   Plaintiff has put this information together and is now bringing these causes of
23  action.  The evidenced used to obtain decisions in this case were based on False
   Declarations by both the Trustee and Plaintiff's Attorney and a False Declaration
24  written for Plaintiff by Plaintiff's Attorney.  Plaintiff's Attorney clearly was in
   collaboration with the Trustee.  We may ask why did Plaintiff's Attorney Anerio
25  Altman cooperate with the Trustee?  The answer is simple, Attorney Anerio
   Altman had a 'conflict of interest', he states that he 'generates fees' for Trustees
26  when he works for the Trustee System (Exhibit 1).  Anerio Altman also states in
   an email to Plaintiff that he works for Trustee's and one of the Trustee's he has
27  worked with Richard Marshack is friends with the Trustee (exhibit 2) in this case

28

Wesley Avery.  Attorney Anerio Altman also goes on to state that he has worked for David Goodrich.

Complaint at 3–4.

Regarding what is specifically a "fraud on the court," Plaintiff alleges:

Let's keep in mind that there was a complaint filed against Plaintiff and Trustee obtained the Commissions belonging to Long Beach Realty in the amount of $24,554.  This is clearly a 'Fraud on the Court.'  The Trustee misrepresented the facts when he filed the complaint for Turnover of Commissions belonging to the Estate.  The Trustee failed to present his and his CPA stand when he wanted the Commissions belonging to the Estate in the adversary Complaint.  Consequently, the commissions didn't come from the Debtor but rather theses commissions came from the Long Beach Realty California Corporation, of which 2 checks that were written to the Long Beach Realty Corporation were signed over to the Trustee.  As we can clearly see, the Trustee understands the formalities, however, he clearly failed to present these facts in the adversary and this would be a 'Fraud upon the Court.'

Complaint at 5–6.  Plaintiff further alleges:

Also, because the Plaintiff's Attorney didn't present the facts that all of Plaintiff's debt was non-dischargeable and also didn't present the fact that all unsecured claims were time barred this would be considered a 'Fraud upon the Court' because Plaintiff didn't present these facts to the Court and didn't present Plaintiff's case.  Plaintiff's Attorney had a Conflict of Interest.  Plaintiff's Attorney was notified on the following dates that all of his unsecured debts were time barred, yet Plaintiff's Attorney failed to present these facts to the Court and this would be a 'Fraud on the Court'; Jan. 31, 2016 (Exhibit 3), March 22, 2016 (Exhibit 3), April 1, 2016 (Exhibit 3), June 28, 2016 (Exhibit 3), October 26, 2016 (Exhibit 3), November 1, 2016.  On March 22nd, 2016 Plaintiff told his Attorney that all his debt was time barred, Attorney and Trustee were given instructions to submit pleadings in regards to the tools of the Trade facts and conclusion and were given instruction to rebut each others pleading by March 29th, 2016 (exhibit 4) Pg 7 lines 13-16, this was not done by Plaintiff's Attorney.  Plaintiff's Attorney didn't present the fact that Plaintiff's debt was time barred.

Complaint at 6.  Plaintiff additionally alleges:

Trustee and Anerio Altman were aware that there was $10,742 in unsecured claims and the rest of the claims were secured (exhibit 5).  Consequently, Plaintiff's home didn't need to be sold because he would receive no benefit from a Chapter 7 Bankruptcy and the 'Fraud on the Court' Damaged Plaintiff.

Complaint at 6–7.

None of the above allegations made by Plaintiff in the Complaint constitutes a

plausible claim for "fraud on the court," that is, the allegations do not support a claim of "fraud upon the court" either as an "attempt to subvert the integrity of the court" or as "fraud by an officer of the court," which "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d at 1131.

The first specific claim of "fraud on the court" made by Plaintiff is that Defendant Avery as the trustee misrepresented facts in seeking turnover of the sales commissions earned by Plaintiff through Long Beach Realty.  As the court previously found in this bankruptcy case, Plaintiff listed some but not all of the sales commissions on transactions entered into prepetition as personal property assets on his petition (i.e., $9,500.00 as "accounts receivable") and as "contingent interests" of $44,303.00 on his amended bankruptcy schedules filed on December 14, 2015, even though they were earned through Long Beach Realty.  These commissions were properly subject to the trustee's adversary proceeding seeking their turnover because the commissions were prepetition assets of Plaintiff and thus assets of the bankruptcy estate in this case under the trustee's supervision because either Plaintiff was the sales agent/broker who earned the commissions through Long Beach Realty or he was the 100 percent shareholder of Long Beach Realty, a California Subchapter S Corporation, whose income flowed through to him as the sole shareholder. *Memorandum Decision on Motions of Defendant to Alter or Amend Judgment, or for New After Trial in Adversary Proceeding Pursuant to Federal Rule of Bankruptcy Procedure 9023 and to Amend Findings of Fact and Conclusions of Law Pursuant to Federal Rules of Bankruptcy Procedure 7052,* Adv. No. 2:16-ap-01037-RK, Docket No. 169 at 5-8 and n. 1, Exhibit 5 to Request for Judicial Notice.   Thus, as a factual matter determined by the court, the trustee did not misrepresent in the adversary proceeding that he was improperly seeking turnover of assets belonging to another party, that is, Long Beach Realty, because the sales commissions earned prepetition belonged to Plaintiff either as the sales agent/broker who generated the commissions or as the sole shareholder of California S Corporation

whose income flowed through to him.  Plaintiff's allegations of misrepresentation by Defendant Avery as the trustee cannot state a plausible claim for relief as a fraud on the court because the allegations taken as true do not "involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision" because the sales commissions earned by Plaintiff prepetition were assets of the bankruptcy estate subject to turnover.  *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d at 1131.

The second specific claim of fraud on the court made by Plaintiff is that Defendant Altman as his attorney failed to present facts to the court on Plaintiff's behalf in this case, namely, Defendant Altman failed to present the facts about his unsecured debts were time barred claims, because Defendant Altman had a conflict of interest. While Plaintiff is not specific as to when Defendant Altman failed to present these alleged facts to the court, apparently, Plaintiff meant the litigation in this case relating to his opposition to the trustee's adversary proceeding for turnover and Plaintiff's motion to convert the case to Chapter 13.  Thus, Plaintiff seems to be alleging that it was a fraud on the court that due to a conflict of interest, Defendant Altman failed to properly present Plaintiff's case by failing to assert alleged facts that the unsecured debts were time barred.  However, these allegations fail to state a plausible claim for relief based on a fraud on the court because Plaintiff does not allege any actionable conflict of interest on the part of Defendant Altman and is not "fraud by an officer of the court," which "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d at 1131. Plaintiff's allegations that Defendant Altman had previously represented bankruptcy trustees such as Richard Marshack and David Goodrich in other cases and that Trustee Marshack and Defendant Avery are friends are insufficient to allege an actual conflict of interest by Defendant Altman in representing Plaintiff in this case.

Moreover, the alleged fact that Plaintiff's unsecured debts are time barred claims is not relevant to a defense to the trustee's turnover action as Plaintiff as the debtor in this case was and is obligated to turn over assets of the bankruptcy estate, such as the

prepetition sales commissions earned by him, to Defendant Avery as the trustee, and is not relevant as to Plaintiff's motion to convert the case to Chapter 13 as the issue there was whether Plaintiff was eligible to be in Chapter 13, which the court determined he was not because Plaintiff's bankruptcy schedules showed that he did not have regular income to fund a Chapter 13 plan.[1]  Therefore, Plaintiff's allegation that Defendant Altman as Plaintiff's attorney failed to present the alleged fact that Plaintiff's unsecured debts were time barred claims to the court regarding litigation matters of the trustee's turnover action and of Plaintiff's motion to convert to Chapter 13 is insufficient to plead a claim of "fraud by an officer of the court," which "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d at 1131.

The third specific claim of fraud on the court made by Plaintiff is that Defendant Avery as the trustee and Defendant Altman as Plaintiff's attorney "were aware that there was $10,742 in unsecured claims and the rest of the claims were secured . . . and Consequently, Plaintiff's home didn't need to be sold because he would receive no benefit from a Chapter 7 Bankruptcy and the 'Fraud on the Court' Damaged Plaintiff." These allegations do not sufficiently plead "fraud by an officer of the court," which "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d at 1131.  That is, these allegations do not specifically allege acts by these defendants to constitute an unconscionable plan or scheme by these defendants to improperly influence the court in its decision.

Moreover, the factual circumstances of this case relating to the sale of Plaintiff's residence do not indicate "an unconscionable plan or scheme which is designed to

---

[1] It appears that Plaintiff is dissatisfied with Defendant Altman's representation in the case because his unsecured debts are time barred claims, and such dissatisfaction may give rise to a malpractice claim, which Plaintiff apparently has prosecuted against Defendant Altman in state court.  However, Defendant Altman filed Plaintiff's bankruptcy petition based on the facts known to him on October 5, 2015, which was months before the first date of January 31, 2016 alleged in the Complaint that Defendant Altman as Plaintiff's Attorney was notified of the fact that Plaintiff's unsecured debts were time- barred claims.  Thus, it would appear that Plaintiff's malpractice claim is problematic based on these alleged facts.

1    improperly influence the court in its decision," *Pumphrey v. K.W. Thompson Tool Co.*,

2    62 F.3d at 1131, because the defendants were fulfilling their responsibilities in this case.

3    Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11

4    U.S.C., and as Chapter 7 is the liquidating chapter of the Bankruptcy Code, the trustee

5    is supposed to liquidate nonexempt assets to pay creditor claims, which was what

6    Defendant Avery as the trustee was doing in this case, and Defendant Altman was

7    representing Plaintiff as his counsel.  11 U.S.C. § 704.  Defendant Avery as the trustee

8    in this case filed his motion to sell the residence on July 5, 2016 (Main Bankruptcy Case

9    Docket No. 116), and at the time, the case docket reflected that Plaintiff had scheduled

10   $97,045.00 as general unsecured claims on his bankruptcy petition filed on October 5,

11   2015 (Main Bankruptcy Case Docket No. 1 at 9, 23–25), Discover Bank had filed proofs

12   of claim asserting general unsecured claims of $7,562.92 and $866.73 on December

13   29, 2015, Unify Federal Credit Union filed a proof of claim asserting a general

14   unsecured claim of $1,916.00 on January 4, 2016 and the Internal Revenue Service

15   filed a proof of claim asserting a secured claim of $32,926.98 and a priority unsecured

16   claim of $765.76 on January 4, 2016.   *See* Claims Register, Main Bankruptcy Case

17   Docket.  Later, the California Franchise Tax Board filed a proof of claim asserting a

18   priority unsecured claim of $3,976.14 and a general unsecured claim of $1,974.00 on

19   August 19, 2016, and Discover Bank and Unify Federal Credit Union withdrew their

20   proofs of claim.  *Id.*  Defendant Avery as the trustee filed his motion for sale on June 16,

21   2016 (Main Bankruptcy Case Docket No. 100) after the secured creditor holding the lien

22   on Plaintiff's residence filed a motion for relief from stay (Main Bankruptcy Case Docket

23   No. 53, filed on February 16, 2016, and hearings continued several times through July

24   2016) to undertake collection action contending that Plaintiff was delinquent 14 monthly

25   mortgage payments totaling $14,415.29 and after Defendant Avery and Plaintiff litigated

26   Plaintiff's claim of exemptions to the personal property real estate sales commissions

27   allowing Plaintiff to retain over $20,000 based on his claim of personal property

28   exemptions which is inconsistent with his later claim of a homestead exemption in the

residence.  Plaintiff filed a written opposition to the sale motion filed by Defendant Avery

(Main Bankruptcy Case Docket No. 116), which opposition was heard at the hearing on

the sale motion on July 19, 2016.  The court filed and entered an order granting the sale

motion of Defendant Avery as trustee, and Plaintiff did not appeal the sale order.  (Main

Bankruptcy Case Docket No. 135).  These circumstances do not indicate any fraud on

the court as Defendant Avery acted within his reasonable business judgment to sell the

real property asset to realize value from the real property asset to pay creditor claims in

light of the general unsecured claims of $97,045 listed by Plaintiff on his bankruptcy

schedules, the then filed proofs of claim of over $10,000 in unsecured claims, the

threatened loss of the real property asset from foreclosure of the secured lender as

shown by the lender's pending stay relief motion due to Plaintiff's failure to make timely

mortgage payments on the property and the incurrence of administrative expense

claims in professional fees of counsel in litigating the trustee's turnover action and

objections to Plaintiff's exemption claims and as Defendant Altman as Plaintiff's attorney

in opposing the sale motion.   Plaintiff is dissatisfied with the result of his filing his

bankruptcy case, apparently thinking that his unsecured debts would be discharged and

his real property asset, his residence, would pass through bankruptcy without liquidation

based on his valuation of the property showing that its value was less than the amount

of the liens on the property, but the market value of the property turned out to be higher

than he thought.  This cannot be the trustee's fault nor his counsel's, and as such, this

does not constitute any fraud on the court.  Plaintiff would have benefitted from a

discharge of his unsecured debts of which he scheduled a total of $97,045 had his

discharge not been revoked due to his failure to disclose and turn over his real property

sales commission income.  That not all of his scheduled creditors filed proofs of claim

does not necessarily mean that the debts were not owed or could have been discharged

as creditors apparently forewent filing proofs of claim in this case as not worth the effort.

Because Plaintiff has failed to allege a plausible claim of relief based on fraud on

the court, defendants' motion to dismiss for failure to state a claim upon which relief can

be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted.   In

granting a motion to dismiss a first complaint on a Rule 12(b)(6) motion to dismiss for

failure to state a claim upon which relief can be granted, there is a general rule that a

plaintiff must be given at least one more chance to amend the complaint before the

action is dismissed with prejudice, though the court has the discretion to dismiss an

action with prejudice if any amendment of the complaint would be futile.  *Reddy v. Litton*

*Industries, Inc.,* 912 F.2d 291, 296 (9th Cir. 1990).

     As the Ninth Circuit stated in *National Council of La Raza v. Chegavske,* 800

F.3d 1032 (9th Cir. 2015),

> It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir.2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ( "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the [Federal Rules of Civil Procedure] require, be 'freely given.' ").

*Id.* at 1041-1042.

    "Leave to amend may also be denied for reason of undue delay, bad faith,

repeated failure to cure deficiencies by previous amendments allowed, futility of the

amendment and prejudice. (But, these reasons are rarely grounds to deny plaintiff at

least one opportunity to amend.) [*Foman v. Davis* (1962) 371 US 178, 182, 83 S.Ct.

227, 230; *Abagninin v. AMVAC Chem. Corp.* (9th Cir. 2008) 545 F3d 733, 742]."

Phillips and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before*

*Trial: California and Ninth Circuit Edition*, ¶ 9:294.1 (online edition April 2020 update).

    Defendant Avery argues that the doctrines of claim preclusion (also known as res

judicata) and issue preclusion (also known as collateral estoppel) bar Plaintiff's claims in

this adversary proceeding and the complaint should be dismissed with prejudice without

leave to amend.  Motion at 7–16.  In requesting dismissal of the complaint in this

adversary proceeding without leave to amend, Defendant Avery apparently argues that

any amendment from Plaintiff would be futile because Plaintiff is precluded from

asserting the same claims that he made in prior adversary proceedings and contested

matters which have been decided adversely to him.  *Id.*

> In discussing claim and issue preclusion, the Ninth Circuit has observed:
> Generally, the preclusive effect of a former adjudication is referred to as "res
> judicata." The doctrine of res judicata includes two distinct types of preclusion,
> claim preclusion and issue preclusion.  Claim preclusion "treats a judgment, once
> rendered, as the full measure of relief to be accorded between the same parties
> on the same 'claim' or 'cause of action.'" *Kaspar Wire Works, Inc. v. Leco Eng'g
> & Mach., Inc.,* 575 F.2d 530, 535 (5th Cir.1978); *see also McClain v. Apodaca,*
> 793 F.2d 1031, 1033 (9th Cir.1986). Claim preclusion "prevents litigation of all
> grounds for, or defenses to, recovery that were previously available to the
> parties, regardless of whether they were asserted or determined in the prior
> proceeding." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60
> L.Ed.2d 767 (1979), *quoted in Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754
> F.2d 1524, 1529 (9th Cir.1985).

*Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-322 (9th Cir. 1988).

Claim preclusion (or res judicata) is appropriate where: (1) the parties are identical or in
privity; (2) the judgment in the prior action was rendered by a court of competent
jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or
cause of action was involved in both suits.  *Rein v. Providian Financial Corp*., 270 F.3d
895, 899 (9th Cir. 2001), citing *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d
708, 713 (9th Cir.2001); *Siegel v. Federal Home Loan Mortgage Corp.,* 143 F.3d 525,
528–29 (9th Cir.1998).  "[T]he doctrine of res judicata bars all grounds for recovery
which could have been asserted, whether they were or not, in a prior suit between the
same parties, on the same cause of action."  *Costantini v. Trans World Airlines*, 681
F.2d 1199, 1201 (9th Cir. 1982), quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir.
1980).  The factors to consider determining whether successive lawsuits involve a
single cause of action:(1) whether rights or interests established in the prior judgment
would be destroyed or impaired by prosecution of the second action; (2) whether
substantially the same evidence is presented in the two actions; (3) whether the two
suits involve infringement of the same right; and (4) whether the two suits arise out of
the same transactional nucleus of facts.

*Id*. at 1201-1202, citing *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).  The last

factor is most important.  *Id*. at 1202.

> Regarding issue preclusion, the Ninth Circuit has observed:
>
> The doctrine of issue preclusion prevents relitigation of all "issues of fact or law
> that were actually litigated and necessarily decided" in a prior proceeding. *Segal
> v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir.1979), quoted in
> *Americana*, 754 F.2d at 1529. "In both the offensive and defensive use situations

the party against whom estoppel [issue preclusion] is asserted has litigated and lost in an earlier action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 99 S.Ct. 645, 650, 58 L.Ed.2d 552 (1979). The issue must have been "actually decided" after a "full and fair opportunity" for litigation. 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction § 4416, at 138 (1981) [hereinafter 18 Wright].

*Robi v. Five Platters, Inc.,* 838 F.2d at 322.

"Federal law governs the collateral estoppel effect of a federal case decided by a federal court." *Fireman's Fund Ins. Co. v. International Market Place*, 773 F.2d 1068, 1069 (9th Cir. 1985) citing *Blonder-Tongue Laboratories v. University of Illinois Found*., 402 U.S. 313, 324 (1971). "Issue preclusion generally requires that there be: (1) the same issue; (2) actually litigated and determined; (3) by a valid and final judgment; (4) as to which the determination is essential to the judgment." *In re Pine*, 283 B.R. 33, 39 (9th Cir. BAP 2002), citing RESTATEMENT (SECOND) OF JUDGMENTS § 27; *Robi v. Five Platters*, Inc., 838 F.2d 318, 322 (9th Cir.1988).

Defendant Avery contends that under the doctrine of res judicata (or claim preclusion), the judgment in the prior adversary proceeding that Plaintiff filed against him in *Gonzalez v. Avery*, No. 2:19-ap-01483-RK, bars Plaintiff from suing him in this adversary proceeding because the claims in this adversary proceeding have the same factual grounds as the claims in the prior adversary proceeding decided adversely to Plaintiff.  Motion at 12–14.

In that adversary proceeding, No. 2:19-ap-01483-RK, Plaintiff alleged three claims for relief against Defendant Avery: (1)  the first claim for relief was for breach of fiduciary duty under 11 U.S.C. § 704(a)(5) on grounds that Defendant Avery, as the Chapter 7 trustee, failed to object to time barred claims following the claims bar date in this case; (2) the second claim for relief was for breach of fiduciary duty under 11 U.S.C. § 704(a)(5) on grounds that Defendant Avery, as the Chapter 7 trustee, damaged Plaintiff because Defendant Avery had no reason have sold Plaintiff's home as Defendant Avery breached his fiduciary duty in not objecting to time barred claims (i.e., as Plaintiff alleges, he was not "Bankrupt," if time barred claims did not have to be paid in the bankruptcy case); and (3) the third claim for relief was for declaratory relief on

grounds that Defendant Avery unnecessarily adjudicated Plaintiff as a "Bankrupt" and

that the revocation of Plaintiff's discharge in this case was unnecessary.  Complaint,

Adv. No. 2:19-ap-01483-RK, Exhibit 9 to Request for Judicial Notice.  Defendant Avery

was the only party named as defendant in that adversary proceeding.  *Id.*

On December 20, 2019, the court entered its order granting Defendant Avery's

motion to dismiss that adversary proceeding 2:19-ap-01483-RK, without leave, for

failure to state a claim for which relief can be granted.  *Order After Hearing on Motion by*

*the Defendant and Chapter 7 Trustee, Wesley H. Avery, for Order Dismissing Complaint*

*Pursuant to FRCP 12(b)(6) Without Leave to Amend Due to Lack of Subject Matter*

*Jurisdiction, Issue Preclusion, and Claim Preclusion,* Docket No. 16, Adv. No 2:19-ap-

01483-RK.  The court's order dismissing adversary proceeding 2:19-ap-01483-RK is a

final order, which Plaintiff had appealed from, though his appeal was later dismissed.

In granting Defendant Avery's motion to dismiss Plaintiff's prior adversary

proceeding against him in Adv. No. 2:19-ap-01483-RK, the court issued a tentative

ruling which it adopted and was incorporated in the order granting the motion.  The

adopted tentative ruling stated in pertinent part:

> Grant motion to dismiss for failure to state a claim upon which relief can be
> granted under Federal Rule of Civil Procedure 12(b)(6) as follows: (1) issue
> preclusion bars plaintiff from bringing the first cause of action that trustee
> breached his fiduciary duty because the same issue of whether the trustee
> breached his fiduciary duty was decided in favor of trustee when the court
> decided that debtor was equitably estopped from claiming a homestead
> exemption; (2) issue preclusion bars plaintiff from bringing the second cause of
> action that trustee breached his fiduciary duty in selling the residence because
> the same issue of whether the trustee breached his fiduciary duty was decided in
> favor of trustee when the court decided that debtor was equitably estopped from
> claiming a homestead exemption; (3) plaintiff fails to state a claim upon which
> relief can be granted by alleging that trustee unnecessarily adjudicated plaintiff
> as a bankruptcy [sic] because there was no such adjudication since plaintiff
> became a debtor when he filed his voluntary petition for relief under Chapter 7 of
> the Bankruptcy Code, 11 U.S.C. 301; (4) claim preclusion bars plaintiff from
> bringing the third cause of action that trustee unnecessarily revoked plaintiff's
> because the same claim of whether plaintiff's discharge should be revoked was
> decided in favor of trustee when the court entered judgment revoking plaintiff's
> discharge.  Pursuant to Federal Rule of Evidence 201, the court takes judicial
> notice of decisions in trustee's favor determining that he did not breach any
> fiduciary duty and that plaintiff's discharge should be revoked.  Appearances are
> required on 12/18/19, but counsel and self-represented parties may appear by

1    telephone in accordance with the court's telephone appearance procedures
     posted online on the court's website.

2    *Order After Hearing on Motion by the Defendant and Chapter 7 Trustee, Wesley H.*

3    *Avery, for Order Dismissing Complaint Pursuant to FRCP 12(b)(6) Without Leave to*

4    *Amend Due to Lack of Subject Matter Jurisdiction, Issue Preclusion, and Claim*

5    *Preclusion,* Docket No. 16, Adv. No 2:19-ap-01483-RK, at 4–5.

6         In this ruling in this adversary proceeding of Plaintiff against Defendant Avery,

7    the court referred to its prior decision holding that Plaintiff was equitably estopped from

8    claiming a homestead exemption as the basis for issue preclusion on his claims against

9    Defendant Avery for breach of fiduciary duty.  In that decision, the court specifically

10   addressed and ruled upon Plaintiff's claim that Defendant Avery breached his fiduciary

11   duty as the Chapter 7 trustee in this case regarding time-barred claims, and held that

12   there was no such breach.  *Memorandum Decision Amending Prior Decisions After Trial*

13   *on Contested Matter of the Chapter 7 Trustee's Motion Objecting to the Debtor's*

14   *Claimed Homestead Exemption in Real Property Located at 329 Hawaiian Avenue,*

15   *Wilmington, CA and Ruling on Contested Matter of Chapter 7 Trustee's Motion*

16   *Objecting to Debtor's Amended Claimed Homestead Exemption on Same Property and*

17   *Tools of the Trade Exemption,* No. 2:15-bk-25283-RK, Docket No. 364 at 48–56, Exhibit

18   1 to Request for Judicial Notice.   The order thereon is a final order entitled to preclusive

19   effect.  *Order Amending Prior Decision Amending Prior Decisions After Trial on*

20   *Contested Matter of the Chapter 7 Trustee's Motion Objecting to the Debtor's Claimed*

21   *Homestead Exemption in Real Property Located at 329 Hawaiian Avenue, Wilmington,*

22   *CA and Ruling on Contested Matter of Chapter 7 Trustee's Motion Objecting to Debtor's*

23   *Amended Claimed Homestead Exemption on Same Property and Tools of the Trade*

24   *Exemption,* No. 2:15-bk-25283-RK, Docket No. 373, Exhibit 2 to Request for Judicial

25   Notice.

26        Also, in this ruling in the prior adversary proceeding of Plaintiff against Defendant

27   Avery, the court referred to its prior decision holding that Plaintiff's discharge was

28   revoked for fraud as the basis for issue preclusion on his claims against Defendant

Avery for breach of fiduciary duty.  In that decision, the court specifically addressed and ruled upon Plaintiff's claim that Defendant Avery breached his fiduciary duty as the Chapter 7 trustee in this case regarding time-barred claims, and held that there was no such breach.  *Findings of Fact and Conclusions of Law After Trial on (1) the Sixth Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraud under 11 U.S.C. § 727(d)(1); and (2) the Seventh Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraudulent Acquisition of Estate Assets under 11 U.S.C. § 727(d)(2),* Adv. No. 2:16-ap-01037-RK, Docket No. 123 at 43-46, Exhibit 3 to Request for Judicial Notice.   The order thereon is a final order entitled to preclusive effect. *Judgment for Plaintiff and Chapter 7 Trustee, Wesley H. Avery Against Defendant and Debtor, Arturo Gonzalez, an Individual, dba Long Beach Realty, Inc., dba South Bay Realty; dba Mindset, aka Art Gonzalez; aka Art Gonzalez, Jr., After Trial on (1) the Sixth Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraud under 11 U.S.C. § 727(d)(1); and (2) the Seventh Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraudulent Acquisition of Estate Assets under 11 U.S.C. § 727(d)(2),* Adv. No. 2:16-ap-01037-RK, Docket No. 129, Exhibit 4 to Request for Judicial Notice.

In other litigation between Plaintiff against Defendant Avery, that is, Defendant Avery's adversary proceeding against Plaintiff in Adv. No. 2:16-ap-01037-RK, the parties litigated, and the court addressed, the claim of Plaintiff that the court's decision in that adversary proceeding was erroneous and should be amended or altered on grounds that income from the real estate sales commissions belonged to Long Beach Realty, Inc., Plaintiff's wholly owned California S corporation, as a separate legal entity, and that it was thus error for the court to have granted relief to Defendant Avery as the trustee to revoke Plaintiff's bankruptcy discharge for Plaintiff's failure to report and deliver this income to Defendant Avery as the trustee.  *Memorandum Decision on Motions of Defendant to Alter or Amend Judgment, or for New After Trial in Adversary Proceeding Pursuant to Federal Rule of Bankruptcy Procedure 9023 and to Amend*

*Findings of Fact and Conclusions of Law Pursuant to Federal Rules of Bankruptcy Procedure 7052,* Adv. No. 2:16-ap-01037-RK, Docket No. 169 at 5-8 and n. 1, Exhibit 5 to Request for Judicial Notice.   In that decision, the court specifically addressed and ruled upon Plaintiff's claim that judgment in favor of Defendant Avery revoking his discharge was in error on grounds that the income of Long Beach Realty, Inc., was not attributable to him because Plaintiff had earned the sales commissions as the participating real estate broker and sales agent for generating the commissions, whether directly payable from escrow or indirectly through Long Beach Realty, Inc., his wholly owned and controlled California S corporation.  *Id.*   The order thereon is a final order entitled to preclusive effect, although Plaintiff had taken an appeal, which was later dismissed.  *Order Denying Motions of Defendant to Alter or Amend Judgment, or for New After Trial in Adversary Proceeding Pursuant to Federal Rule of Bankruptcy Procedure 9023 and to Amend Findings of Fact and Conclusions of Law Pursuant to Federal Rules of Bankruptcy Procedure 7052,* Adv. No. 2:16-ap-01037-RK, Docket No. 170.

In the pending adversary proceeding, Adv. No. 2:20-ap-01647-RK, Plaintiff alleged four claims for relief against Defendant Avery: (1)  the first claim for relief was for declaratory relief based on "fraud on the court" on grounds that Defendant Avery, as the Chapter 7 trustee, and Defendant Altman, as Plaintiff's bankruptcy attorney, took actions which were a "fraud on the court" which were as described above: (a) Defendant Avery misrepresented the facts when he filed the complaint for turnover of sales commissions earned by Plaintiff as they were earned through Long Beach Realty, Inc.; and (b) Defendant Avery and Defendant Altman knew that Plaintiff's home was being unnecessarily sold because there was only about $10,000 in filed unsecured claims to be paid in this case as the other filed unsecured claims were time-barred; (2) the second claim for relief was for declaratory relief that the bankruptcy case and the court's turnover judgment be vacated on grounds that the actions of Defendant Avery, as the Chapter 7 trustee, described above constituted a "fraud on the court"; (3) the third claim

1    for relief was for damages on grounds that the actions of Defendant Avery described

2    above were a "fraud on the court" resulting in the unnecessary sale of Plaintiff's home;

3    and (4) the fifth claim for relief was for declaratory relief that the bankruptcy case and

4    the court's turnover judgment be vacated on grounds that the actions of Defendant

5    Avery, as the Chapter 7 trustee, described above constituted a "fraud on the court" (this

6    claim for relief appears to be redundant of the second claim for relief).  Complaint, Adv.

7    No. 2:20-ap-01647-RK, Exhibit 15 to Request for Judicial Notice.

8         Claim preclusion (or res judicata) bars Plaintiff from suing Plaintiff again in this

9    adversary proceeding because  (1) the parties are identical in this adversary proceeding

10   as in Plaintiff's prior adversary proceeding against Defendant Avery in Adv. No. 2:19-ap-

11   01483-RK; (2) the judgment in the prior action, Adv. No. 2:19-ap-01483-RK, was

12   rendered by this court as a court of competent jurisdiction; (3) there was a final

13   judgment on the merits in the prior action, Adv. No. 2:19-ap-01483-RK; and (4) the

14   same claim or cause of action was involved in both suits.  *Rein v. Providian Financial*

15   *Corp.*, 270 F.3d at, 899.  Because "the doctrine of res judicata bars all grounds for

16   recovery which could have been asserted, whether they were or not, in a prior suit

17   between the same parties, on the same cause of action," *Costantini v. Trans World*

18   *Airlines*, 681 F.2d at 1201, Plaintiff could have sued Defendant Avery in the prior action

19   for "fraud on the court" as "breach of fiduciary duty" as he did not.  As previously noted,

20   the factors to consider determining whether successive lawsuits involve a single cause

21   of action:

22        (1) whether rights or interests established in the prior judgment would be
          destroyed or impaired by prosecution of the second action; (2) whether
23        substantially the same evidence is presented in the two actions; (3)
          whether the two suits involve infringement of the same right; and (4)
24        whether the two suits arise out of the same transactional nucleus of facts.

25   *Id*. at 1201-1202, citing *Harris v. Jacobs*, 621 F.2d at 343.  In both actions, Plaintiff is

26   asserting the same claims arising out of the same transactional nucleus of facts that

27   Defendant Avery should not have taken actions to administer this bankruptcy case as

28   the Chapter 7 trustee, such as selling Plaintiff's residence, an asset of the bankruptcy

1   estate, or have brought actions for turnover of Plaintiff's sales commissions, also assets

2   of the bankruptcy estate, or instituted an adversary proceeding to revoke Plaintiff's

3   discharge based on Plaintiff's failure to report and deliver the sales commissions to

4   Defendant Avery, which matters have been litigated to finality.

5         Collateral estoppel or issue preclusion also bars Plaintiff from suing Defendant

6   Avery again in this adversary proceeding regarding the lack of objections to time-barred

7   claims, the sale of Plaintiff's residence and the characterization of the sales

8   commissions earned through Long Beach Realty, Inc., as: (1) these issues are the

9   same issues previously litigated as discussed above; (2) actually litigated and

10   determined in such prior litigation; (3) by valid and final judgments as discussed above;

11   (4) as to which the determination is essential to the judgment as discussed above.  *In re*

12   *Pine*, 283 B.R. at 39.  As discussed above, the parties litigated, and the court

13   determined, in Plaintiff's prior adversary proceeding against Defendant Avery that

14   Defendant Avery did not breach his fiduciary duty in not objecting to time-barred claims

15   and selling Plaintiff's residence, and in Defendant Avery's prior adversary proceeding

16   against Plaintiff that there was no error in attributing the income earned from sales

17   commissions through Long Beach Realty, Inc., to Plaintiff.

18         Accordingly, the court grants Defendant Avery's motion to dismiss this adversary

19   proceeding without leave to amend due to futility because Plaintiff is asserting claims

20   and issues barred by claim and issue preclusion as Plaintiff is seeking to relitigate his

21   same grievances relating to time barred claims, the sale of the residence and the real

22   estate sales commissions against Defendant Avery, which are matters already litigated

23   to finality.

24         In the pending adversary proceeding, Adv. No. 2:20-ap-01647-RK, Plaintiff

25   alleged four claims for relief against Defendant Altman: (1)  the first claim for relief was

26   for declaratory relief based on "fraud on the court" on grounds that Defendant Avery, as

27   the Chapter 7 trustee, and Defendant Altman, as Plaintiff's bankruptcy attorney, took

28   actions which were a "fraud on the court" which were as described above: (a) Defendant

Avery misrepresented the facts when he filed the complaint for turnover of sales commissions earned by Plaintiff as they were earned through Long Beach Realty, Inc.; and (b) Defendant Avery and Defendant Altman knew that Plaintiff's home was being unnecessarily sold because there was only about $10,000 in filed unsecured claims to be paid in this case as the other filed unsecured claims were time-barred; and (2) the fourth claim for relief was for damages on grounds that the actions of Defendant Avery described above were a "fraud on the court" resulting in the unnecessary sale of Plaintiff's home.  Complaint, Adv. No. 2:20-ap-01647-RK, Exhibit 15 to Request for Judicial Notice.

Plaintiff's claims against Defendant Altman as Plaintiff's former attorney are that the bankruptcy case should not have been filed, the bankruptcy case should be vacated, and Defendant Altman owes Plaintiff damages for the filing of this bankruptcy case.  Defendant Altman argues in his joinder in Defendant Avery's motion to dismiss that "[i]nstead of making any showing of fraud on the court, plaintiff seems to have written a complaint for legal malpractice."  Docket No. 10 at 2.  The court agrees that Plaintiff's claims against Defendant Altman that Defendant Altman failed to present certain facts to the court and had an alleged conflict of interest, having represented other trustees on other cases, are insufficient to plead a claim for relief based on fraud on the court as discussed previously and that Plaintiff's claims based on the theory that the bankruptcy case should not have been filed are legal malpractice claims against Defendant Altman.   Accordingly, Plaintiff's claims against Defendant Altman for fraud on the court are not plausible and fail to state a claim upon relief can be granted.

Defendant Altman's joinder to Defendant Avery's motion to dismiss stated that since Plaintiff's state court malpractice action against him was dismissed with prejudice, the motion to dismiss as to him should be granted based on collateral estoppel.  Docket No. 10 at 2-3.  In footnote 1 of the joinder, Defendant Altman indicated there is a pending motion for reconsideration of the state court's order sustaining the demurrer of the Plaintiff's first amended complaint related to the malpractice claim, and a hearing

was set on this motion for January 25, 2021.  Because the state court malpractice

action is still pending on Plaintiff's motion for reconsideration, this court cannot make a

determination, at this time, as to collateral estoppel (or issue preclusion) regarding any

malpractice claim that the bankruptcy case was improperly filed.

A bankruptcy court gives a state court judgment the same preclusive effect as

would another court of that state.  *Marrese v. American Academy of Orthopaedic*

*Surgeons*, 470 U.S. 373, 380 (1985).  Thus, California preclusion law applies here

because the claimed judgment on Plaintiff's malpractice claim against Defendant

Altman is a state court judgment.

Regarding California preclusion law, the California Supreme Court has stated:

"The law of preclusion helps ensure that a dispute resolved in one case is not relitigated

in a later case."  *Smara v. Matar*, 5 Cal.5th 322, 326 (2018) (citations omitted).

> Claim preclusion applies only when 'a second suit involves (1) the same
> cause of action (2) between the same parties [or their privies] (3) after a
> final judgment on the merits in the first suit.'  Issue preclusion, by contrast,
> prevents 'relitigation of previously decided issues,' rather than causes of
> action as a whole.  It applies only '(1) after final adjudication (2) of an
> identical issue (3) actually litigated and necessarily decided in the first suit
> and (4) asserted against one who was a party in the first suit or one in
> privity with that party.'

*Id*. at 327 (internal citations omitted).  Both claim preclusion and issue preclusion under

California law require a final decision.  "[I]in California the rule is that the finality required

to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial

court judgment has been exhausted or the time to appeal has expired.  *Franklin &*

*Franklin v. 7-Eleven Owners for Fair Franchising,* 85 Cal.App.4th 1168, 1174 (2000),

*citing, Producers Dairy Delivery Co. v. Sentry Insurance Co.,* 41 Cal.3d 903, 910–911

(1986)  "For res judicata purposes, the judgment sought to be invoked in bar must be

the 'last word' of the rendering court—a 'final' judgment."  *Id., citing and quoting,*

*Sandoval v. Superior Court,* 140 Cal.App.3d 932, 936 (1983) (internal quotation marks

omitted).   Since the state court malpractice action is still pending, the court cannot

make a determination based on claim or issue preclusion as requested by Defendant

1  Altman.

2      Additionally, to the extent that Plaintiff has any claim for relief against Defendant

3  Altman that the bankruptcy case was improperly filed, it is a state law claim for legal

4  malpractice, and this court should abstain from ruling on such claim. Such a claim that

5  Defendant Altman failed to perform his duties as Plaintiff's lawyer are based on

6  allegations of malpractice which is purely a state law claim which does not affect the

7  administration of the bankruptcy estate, but to vindicate Plaintiff's personal rights

8  against a nondebtor party based on nonbankruptcy state law.  Because Plaintiff's

9  malpractice claim is based in state law, this court will abstain from ruling on any

10 malpractice issues to allow these issues to be resolved in state court where Plaintiff

11 already has pending litigation against Defendant Altman for legal malpractice.  *See* 28

12 U.S.C. § 1334(c)(1) and (2); *In re Eastport Associates*, 935 F.2d 1071, 1078 (9th Cir.

13 1991) (predominance of state law issues should weigh in favor of abstention under 28

14 U.S.C. § 1334).  Accordingly, the court dismisses Plaintiff's claims against Defendant

15 Altman based on fraud on the court for failure to state a claim upon which relief can be

16 granted, and the dismissal of such claims are with prejudice and without leave to amend

17 based on abstention as such claims may be cognizable as state law legal malpractice

18 claims for which Plaintiff is already maintaining an action in state court.

19     As noted previously, Plaintiff did not file a written response or opposition to the

20 motion to dismiss pursuant to Local Bankruptcy Rule 9013-1(f).  Local Bankruptcy Rule

21 9013-1(f)(1) provides that "each interested party opposing or responding to the motion

22 must file and serve the response (Response) on the moving party and the United States

23 trustee no later than 14 days before the date designated for the hearing," and Local

24 Bankruptcy Rule 9013-1(f)(2) provides that "[a] Response must be a complete written

25 statement of all reasons in opposition thereto or in support, declarations and copies of

26 all evidence on which the responding party intends to rely, and any responding

27 memorandum of points and authorities."  Local Bankruptcy Rule 9013-1(f)(3) also

28 provides that "[t]he failure of the responding party to raise its objection or challenge in a

Response will be deemed consent to the bankruptcy court's authority to enter a final order on the underlying motion."  Local Bankruptcy Rule 9013-1(h) further provides that "if a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may be."  Since Plaintiff did not file a response or opposition to the motion, the court may deem that Plaintiff consented to the relief requested in the motion.  Accordingly, this is an alternative basis for granting the motion to dismiss.

On November 25, 2020, Plaintiff filed a document entitled "Summons Service Executed.  Note: Plaintiff has a need to amend complaint and plaintiff will submit a motion to amend, plaintiff has spent hours upon hours looking through the record and evidence and listening to CD's from the case, some of the CD's have malfunctioned and need to be remade."  Docket No. 11.  This court does not consider this document to be a proper response to the motion to dismiss within the meaning of Local Bankruptcy Rule 9013-1(f) because it was not a complete written statement of all reasons in opposition to the motion with copies of all evidence on which Plaintiff intended to rely and a responding memorandum of points and authorities.

The day before the hearing on the motion to dismiss, on December 14, 2021, Plaintiff filed a request for a continuance of the motion to dismiss which the court denied.  *See* Docket Nos. 12 and 15.  Also, on that same day, Plaintiff also filed a motion for leave to amend the complaint stating that he needed to clarify his allegations relating to "fraud on the court" relating to the real estate sales commissions.  Docket No. 13.  This document was not a timely response to the motion to dismiss under Local Bankruptcy Rule 9013-1(f), and is not a proper motion to amend a pleading because a copy of the proposed amended pleading was not attached as an exhibit to the notice of motion to amend a pleading as required by Local Bankruptcy Rule 7015-1.  In any event, Plaintiff in the motion to amend did not detail any new claims in this document other than referring again to "fraud on the court" relating to the real estate sales commissions.

Since Plaintiff failed to oppose the motion to dismiss, the court also deems the lack of opposition a consent to enter a final order adverse to Plaintiff as the party not filing a timely written opposition to the motion pursuant to Local Bankruptcy Rule 9013-1(f) and (h).

Accordingly, for the foregoing reasons, the court grants the motion to dismiss the adversary proceeding with prejudice and without leave to amend, and a final order granting the motion will be filed and entered concurrently herewith.

IT IS SO ORDERED.

###

Date: March 4, 2021

_____
Robert Kwan
United States Bankruptcy Judge